MANN, Judge.
Appellant’s privately engaged trial counsel neglected to object to the trial court’s failure, upon invocation of the rule, to require the prosecuting witness to leave the courtroom during the trial and to an allegedly prejudicial remark made by the state attorney in opening argument. These objections are lost.
Because the assistant public defender appointed to represent Hunter on appeal neglected to communicate with him for many months and, so far as the record shows, took no action of any consequence, and because the attorney appointed by the trial court upon discharge of the assistant public defender was so late in filing his brief and did so then only after a pointed reminder from this court, we have reviewed the entire record lest Hunter think this the us *354 ual standard of justice in the Second Appellate District.
The trial court properly admitted Hunter’s statement as a voluntary one. The evidence more than adequately supports Hunter’s conviction of assault with intent to commit rape. It would in fact have supported a conviction of rape. The record is free from reversible error.
Affirmed.
LILES, C. J., and McNULTY, L, concur.